UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONNIE RAY ISRAEL,

    Plaintiff,

v.

                                            Case No. 4:21-cv-268-AW/MJF

MITCHELL KEEN, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging violation of his procedural due process rights. Doc. 1. The undersigned recommends that Plaintiff's complaint be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.[1]

### I. Plaintiff's Complaint

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") currently confined at the Desoto Correctional Institution. Doc. 14. Plaintiff's

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

complaint names three Defendants: Mitchell Keen, the Warden of Taylor Correctional Institution; S. Kibbe, a Classification Officer at Taylor CI; and Mark Inch, the former Secretary of the FDC. Doc. 1 at 1-2. Plaintiff claims that the Defendants violated his procedural due process rights when they "stole" some or all of his economic impact payments from his inmate trust account. *Id*. at 5-9. In addition, Plaintiff claims that the Defendants are "trying to take my $600.00 stimulus check and the check is being held hostage in Tallahassee" because Keen and Kibbe "refuse to verify my identity to Tallahassee so my economic impact payment for $600.00 can be place[d] in my trust fund account." *Id*. at 10. As relief, Plaintiff seeks "reimbursement" in the amount of $1601.75. *Id*. at 11.

## II. SCREENING STANDARD UNDER 28 U.S.C. §§ 1915A AND 1915(e)(2)

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the

complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### III. DISCUSSION

A. **Plaintiff's Complaint Fails to State a Plausible Claim for Relief Under § 1983 for Violation of His Procedural Due Process Rights**

Plaintiff claims that the Defendants deprived him of his property, in violation of the Due Process Clause, when they "stole," misappropriated, or otherwise mishandled his economic impact payments. The Due Process Clause protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. XIV. "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

The Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) ("[A]s long as some adequate post[-]deprivation remedy is available, no due process violation has occurred."). An adequate post-deprivation remedy for Plaintiff's loss is available under Florida law. *See* Fla. Stat. § 768.28(1) (waiving

sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property). As such, Plaintiff's complaint does not plausibly allege a violation of due process. *Hudson*, 468 U.S. at 533; *see also e.g. Loor v. Bailey*, 708 F. App'x 992, 994-95 (11th Cir. 2017) (dismissing prisoner's § 1983 due process claim against Florida prison official for the loss of his property, explaining that "[t]he existence of § 768.28 provides [the prisoner] with a meaningful, post-deprivation remedy to challenge the loss of property"); *Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (dismissing as frivolous prisoner's § 1983 due process claim against Florida prison officials for depriving him of his personal property); *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (dismissing prisoner's § 1983 due process claim against Georgia prison officials for allegedly stealing prisoner's property where state law provided adequate post-deprivation remedy).

To the extent Plaintiff claims that the Defendants *negligently* deprived him of his money, his claim fails for the additional reason that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Because *Hudson* and *Daniels* foreclose Plaintiff's § 1983 due process claims against the Defendants for their alleged deprivation of his property, his complaint

fails to state a plausible claim for relief. A federal civil rights action is not an available vehicle for Plaintiff to recover for the loss of his personal property.

**B.     Dismissal of This Action is Warranted**

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Because the deficiencies in Plaintiff's § 1983 claims cannot be cured by amendment, this action should be dismissed without affording him an opportunity for a futile amendment of his complaint.

### IV.  CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.

2. All pending motions be **TERMINATED**.

3. The clerk of court be directed to close this case file.

At Pensacola, Florida, this <u>20th</u> day of January, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**